IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| SAMUEL LYN[1] REAVES, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | NO. 4:22-CV-008-O |
| | § | |
| BOBBY LUMPKIN, DIRECTOR, TDCJ-CID, | § | |
| | § | |
| Respondent. | § | |

**OPINION AND ORDER**

Petitioner, Samuel Lyn Reaves, a state prisoner proceeding pro se, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 to challenge a conviction. Respondent filed an answer and an appendix with copies of relevant state-court records. As explained below, the Court finds that the petition must be dismissed as successive and untimely.

**I. BACKGROUND**

Petitioner is in custody pursuant to a judgment rendered October 25, 2001, on a plea of guilty to DWI and felony repetition in Case No. 0780991D in the Criminal District Court No. Two of Tarrant County, Texas.[2] He is serving a term of imprisonment of twenty years. ECF No. 13-32 at 6–7.[3] Petitioner did not appeal.

In January 2021, Petitioner filed a state application for writ of habeas corpus.[4] ECF No. 13-32 at 9–28. On September 22, 2021, the Court of Criminal Appeals of Texas denied the application in part and dismissed in part. ECF No. 13-30.

---

[1] The state court records reflect that the name is also spelled "Lynn."
[2] Respondent notes that Petitioner is also in custody pursuant to other convictions, but they are not pertinent here. ECF No. 12 at 3.
[3] The page references are to the "Page __ of __" at the top right portion of the document.
[4] The petition reflects that it was signed on January 4 and mailed on January 8, 2021. ECF No. 13-32 at 24, 27.

On December 22, 2021, Petitioner signed his federal application for writ of habeas corpus. ECF No. 1 at 10. He asserts four grounds in support of his petition, essentially alleging that his plea was not knowing and voluntary and that he received ineffective assistance of counsel. *Id.* at 6–7.

## II. STANDARDS OF REVIEW

### A. Second or Successive Petitions

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 apply to all federal habeas petitions filed after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997). In particular, the provisions regarding second or successive petitions apply. *Felker v. Turpin*, 518 U.S. 651 (1996); *In re West*, 119 F.3d 295 (5th Cir. 1997). They provide, in pertinent part:

> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application that was not presented in a prior application shall be dismissed unless—
>   (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>   (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>   (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b).

### B. Limitations

A one-year period of limitation applies to a petition for writ of habeas corpus by a person in custody pursuant to the judgment of a state court. The period runs from the latest of —

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of diligence.

28 U.S.C. § 2244(d)(1). Typically, the time begins to run on the date the judgment of conviction becomes final. *United States v. Thomas*, 203 F.3d 350, 351 (5th Cir. 2000). A criminal judgment becomes final when the time for seeking direct appeal expires or when the direct appeals have been exhausted. *Griffith v. Kentucky*, 479 U.S. 314, 321 n.6 (1987).

The time during which a properly filed application for state post-conviction relief is pending does not count toward the period of limitation. 28 U.S.C. § 2244(d)(2). A state habeas petition is pending on the day it is filed through the day it is resolved. *Windland v. Quarterman*, 578 F.3d 314, 317 (5th Cir. 2009). A subsequent state petition, even though dismissed as successive, counts to toll the applicable limitations period. *Villegas v. Johnson*, 184 F.3d 467, 470 (5th Cir. 1999). And, a motion for reconsideration of the denial of a state petition also counts to toll limitations. *Emerson v. Johnson*, 243 F.3d 931, 935 (5th Cir. 2001). A state habeas application filed after limitations has expired does not entitle the petitioner to statutory tolling. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

Equitable tolling is an extraordinary remedy available only where strict application of the statute of limitations would be inequitable. *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). The doctrine is applied restrictively only in rare and exceptional circumstances. *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006). The petitioner bears the burden to show that equitable tolling should apply. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). To do so, the petitioner must show that he was pursuing his rights diligently and that some extraordinary circumstance stood in his way and prevented the timely filing of his motion. *Holland v. Florida*, 560 U.S. 631, 649 (2010). The failure to satisfy the statute of limitations must result from factors beyond the petitioner's control; delays of his own making do not meet the test. *In re Wilson*, 442 F.3d at 875. Equitable tolling applies principally where the petitioner is actively misled by the government or is prevented in some extraordinary way from asserting his rights. *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002); *Patterson*, 211 F.3d at 930. Neither excusable neglect nor ignorance of the law is sufficient to justify equitable tolling. *Id.* Lack of legal acumen and unfamiliarity with legal process are not sufficient justification to toll limitations. *United States v. Petty*, 530 F.3d 361, 366 (5th Cir. 2008); *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002).

Finally, the Supreme Court has recognized actual innocence as an equitable exception to the statute of limitations. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). To meet the actual innocence exception to limitations, the petitioner must show that, in light of new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt. *Id.* at 386–87; *Merryman v. Davis*, 781 F. App'x 325, 330 (5th Cir. 2019). "Actual innocence" means factual innocence, not mere legal insufficiency. *Bousley v. United*

4

*States*, 523 U.S. 614, 623 (1998). Moreover, such a claim requires the petitioner to support his allegations with new reliable evidence that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

### C. Section 2254

A writ of habeas corpus on behalf of a person in custody under a state court judgment shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the petitioner shows that the prior adjudication:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). A state court decision will be an unreasonable application of clearly established precedent if it correctly identifies the applicable rule but applies it objectively unreasonably to the facts of the case. *Williams*, 529 U.S. at 407–09; *see also Neal v. Puckett*, 286 F.3d 230, 236, 244–46 (5th Cir. 2002)(*en banc*) (focus should be on the ultimate legal conclusion reached by the state court and not on whether that court considered and discussed every angle of the evidence).

A determination of a factual issue made by a state court is presumed to be correct. 28 U.S.C. § 2254(e)(1). The presumption of correctness applies to both express and implied

factual findings. *Young v. Dretke*, 356 F.3d 616, 629 (5th Cir. 2004); *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001). Absent express findings, a federal court may imply fact findings consistent with the state court's disposition. *Marshall v. Lonberger*, 459 U.S. 422, 433 (1983). Thus, when the Texas Court of Criminal Appeals denies relief without written order, such ruling is an adjudication on the merits that is entitled to this presumption. *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997). The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Hill*, 210 F.3d at 486.

In making its review, the Court is limited to the record that was before the state court. 28 U.S.C. § 2254(d)(2); *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

### III. ANALYSIS

As Respondent points out, Petitioner has previously attacked the underlying judgment at issue here in a federal habeas corpus proceeding. *Reeves v. Thaler*, No. 4:11-CV-740-Y, 2012 WL 826342 (N.D. Tex. Feb. 8, 2012), *adopted*, 2012 WL 826743 (N.D. Tex. Mar. 12, 2012). He has not obtained leave of the Fifth Circuit to pursue a second or successive petition. In fact, the Fifth Circuit dismissed his motion for leave to do so. *In re Reaves*, No. 21-11252 (order dated Mar. 25, 2022). Accordingly, this Court lacks jurisdiction to consider this petition.

The petition indicates that Petitioner is also challenging a parole revocation proceeding and "Other: Application 3g to non 3g." ECF No. 1 at 2. The only other reference to these matters appears to be in the section titled "Timeliness of Petition," where Petitioner says that a 2015 parole revocation added three years to his maximum expiration date. *Id.* at 9. He seems to make an argument that he could not have raised a complaint until 2021 when

6

his twenty-year sentence expired "day for day." *Id.* He has not set forth any ground raising this issue; nor has he provided any discussion. The Court is not required to speculate as to what he might be asserting. *See Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981); *Berry v. LoanCity*, 489 F. Supp. 3d 441, 446–47 (M.D. La. 2020). Respondent answers that this argument, which he refers to as "denial of street time credit" claim, is not timely and must be dismissed.

Pertinent here, limitations runs from the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(D). Petitioner would or should have known that he would lose his street time credit when his parole was revoked on October 6, 2015. ECF No. 13-32 at 213–17; Tex. Gov't Code §§ 508.149(a)(11) & 508.283(b). He did not timely file a state habeas application. The one he filed January 20, 2021, ECF No. 13-32 at 9, does not operate to toll limitations. *Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013). Petitioner has not made any attempt to show that equitable tolling should apply. Nor has he shown that he is actually innocent to overcome the limitations bar. This claim must be dismissed as untimely.

## IV. CONCLUSION

To the extent the petition in this action attacks Petitioner's underlying judgment, it is **DISMISSED FOR LACK OF JURISDICTION**. To the extent the petition attacks the loss of time credit, the petition is **DISMISSED AS UNTIMELY**.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this 18th day of May, 2022.

                                                      Reed O'Connor
                                           **UNITED STATES DISTRICT JUDGE**